WINTERS CREEK CANAL COMPANY, APPELLANT, v. ROBERT H. WILLIS, CHIEF OF BUREAU OF IRRIGATION, WATER POWER & DRAINAGE, ET AL., APPELLEES.

284 N. W. 332

FILED FEBRUARY 24, 1939. No. 30437.

*Mothersead & York,* for appellant.

*Richard C. Hunter, Attorney General, C. G. Perry* and *William H. Wright, contra.*

Heard before SIMMONS, C. J., ROSE, EBERLY, PAINE, CARTER, MESSMORE and JOHNSEN, JJ.

CARTER, J.

This is a suit for an injunction brought by the Winters Creek Canal Company against Robert H. Willis, chief of the bureau of irrigation, water power and drainage, and A. C. Tilley, state engineer. The purpose of the injunction was to prevent the officials of the irrigation department from interfering with the diversion of more than three acre-feet of water per acre of land within the plaintiff district in the year 1936. The injunction was denied by the trial court and plaintiff appeals.

The issues involved are identical with those in *Enterprise Irrigation District v. Willis*, p. 827, *post*, 284 N. W. 326.

The record discloses that plaintiff has a valid appropriation of water from the North Platte river in the amount of 124-2/7 second-feet with a priority dating of October 18, 1888, limited only to the least amount of water that experience may hereafter indicate as necessary for the production of crops in the exercise of good husbandry and within the limits of the capacity of the diversion works then constructed to vest said appropriation. The record further shows that on August 27, 1936, plaintiff had diverted during the calendar year of 1936 for irrigation purposes 3.58 acre-feet of water for each irrigable acre of land within its district. It is the contention of the defendants that plaintiff is not entitled to more than three acre-feet of water under the provisions of section 81-6311, Comp. St. 1929.

The evidence offered is almost identical with that adduced in the companion case of *Enterprise Irrigation District v. Willis, supra.* The conclusions of fact to be drawn therefrom are necessarily the same. The applicable rules of law are fully considered in that case so that further discussion thereof is not necessary.

For the reasons stated in *Enterprise Irrigation District v. Willis, supra,* the trial court should have granted an injunction.

REVERSED.